Connie F. MINCEY

v.

The DOW CHEMICAL COMPANY

No. CIV.A.98–812.

United States District Court,
M.D. Louisiana.

March 15, 2002.

738

Louis L. Robein, Jr., Robein, Urann & Lurye, Metairie, LA, for Plaintiff.

Thomas Harry Kiggans, Karleen Joseph Green, Phelps, Dunbar, LLP, Baton Rouge, LA, for Defendant.

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

TYSON, District Judge.

This matter is before the court on a motion for partial summary judgment brought by the defendant, The Dow Chemical Company (hereafter, Dow). The plaintiff, Connie F. Mincey, has opposed this motion. Oral argument is not necessary in this matter. Jurisdiction is based on di- versity (28 U.S.C. § 1332) and a federal question (28 U.S.C. § 1331), as it relates to the Family Medical Leave Act (FMLA); (29 U.S.C. §§ 2601–2654), the Fair Labor Standards Act (FSLA; 29 U.S.C. §§ 201– 219), and the Americans With Disabilities Act (42 U.S.C. § 12101, et seq.)

## FACTUAL BACKGROUND

From September 1990, until June 1998, the plaintiff was employed by Dow as an administrative assistant. During the course of her employment with Dow, Ms. Mincey was promoted on several occasions and, at the time of the events at issue in this litigation, she held the position of Senior Office Specialist in the Health and Safety Department.

In December 1997, Ms. Mincey was diagnosed with fibromyalgia. Fibromyalgia is a muscoskeletal condition that causes pain in the muscles and joints. This diagnosis was made by Ms. Mincey's rheumatologist, Dr. Stephen Lindsey. After proposing a course of treatment, Dr. Lindsey released Ms. Mincey back to work without any restrictions on her activities.

Subsequent to Ms. Mincey's release and return to work, her supervisors at Dow noted that Ms. Mincey was absent from the facility on numerous occasions. It is estimated that Ms. Mincey missed 152 of her scheduled work hours between the dates of January 1, 1998 and February 10, 1998. Ultimately, as a result of this absenteeism, Ms. Mincey's immediate supervisor, Doyle Haney (Haney) recommended that Ms. Mincey be terminated. The recommendation was reviewed by Dow Human Resource representative, Jan Burtt, as well as by a management and peer review board at Dow. They all concurred with Mr. Haney's recommendation, and, accordingly, Ms. Mincey's employment at Dow was terminated on June 2, 1998.

Following the termination of her employment, Ms. Mincey, on September 22, 1998, filed suit against Dow. In the complaint, Ms. Mincey asserts that Dow violated her rights under the Family Medical Leave Act by failing to acknowledge her rights to periods of leave as provided by law. Ms. Mincey, further, asserts that Dow violated her rights under the Fair Labor Standards Act by failing to compensate her for overtime that she allegedly worked. The petition also sets forth claims alleging that Dow violated Ms. Mincey's rights under the Americans With Disabilities Act and the Louisiana Employment Discrimination Law. Subsequently, Dow filed the instant motion for partial summary judgment, seeking dismissal of the plaintiff's FMLA, ADA and state discrimination claims.

## STANDARD OF REVIEW MOTION FOR SUMMARY JUDGMENT

Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment bears the initial burden of setting forth the basis for its motion and identifying the pleadings, answers to depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of

material fact."[1] Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue of fact for trial.[2] However, if the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, then there is no genuine issue for trial.[3]

## ANALYSIS

### I. THE FAMILY MEDICAL LEAVE ACT

The Family Medical Leave Act was enacted, in part, to "... balance the needs of the workplace with the needs of families ..."[4] The Act permits employees to take reasonable leave for medical reasons and for the care of a child, spouse, or parent who has a serious health condition.[5] The Act applies to private-sector employers of 50 or more employees[6] and an employee is eligible for FMLA leave after working for a covered employer for at least 1250 hours during the preceding 12 months.[7]

In cases alleging discrimination under the FMLA, the plaintiff bears the burden of proving that the defendant's actions were motivated by intentional discrimination. In order to establish a prima facie case, the plaintiff must establish:

(1) that she is covered under the FMLA;

(2) that she suffered an adverse employment decision; and,

---

**1.** *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**2.** See *id.*

**3.** *Matsushita Electricity Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 579, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). See also *Scales v. Slater,* 181 F.3d 703, 708 (5th Cir.1999).

**4.** 29 U.S.C. § 2601(b)(1).

**5.** 29 U.S.C. § 2601(b)(2).

**6.** 29 U.S.C. § 2611(4).

**7.** 29 U.S.C. § 2611(2)(A)

(3)(a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or,

(3)(b) that the adverse employment decision was made because of plaintiff's request for leave.[8]

In a burden-shifting scheme akin to that established in *McDonnell Douglas Corp. v. Green*,[9] if the plaintiff succeeds in making a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate non-discriminatory or non-retaliatory reason for the employment decision. If the employer does so, the plaintiff must then show by a preponderance of the evidence that the employer's reason is a pretext for discrimination or retaliation.[10]

■ In moving for summary judgment on the FMLA claim, Dow claims that plaintiff cannot prove that she is protected under the FMLA and, even if she is protected under the Act, she cannot prove that the challenged employment decision was made because of her request for leave.

An eligible employee under the FMLA is entitled to a total of 12 workweeks of leave during any 12–month period "... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee ..."[11] Thus, in order to prove that she is covered under the FMLA, plaintiff must establish that (1) she suffered from a serious health condition which (2) rendered her unable to do her job.

The FMLA defines "serious health condition" as:

"...[a]n illness, injury, impairment, or physical or mental condition that involves—

(A) inpatient care in a hospital, hospice, or residential medical care facility; or

(B) continuing treatment by a health care provider."[12]

Although plaintiff contends that her fibromyalgia requires continuing treatment by a health care provider and, therefore, meets the statutory definition of serious health condition, the summary judgment evidence in this regard does not support that contention.

The evidence provided by both medical experts indicates that fibromyalgia does not require continuing treatment. Dr. Wilson, Dow's medical expert, testified that he did not consider the condition to be a serious medical problem. Dr. Wilson went on to explain that patients who have fibromyalgia are very functional all the time and are rarely continuously followed by a physician. More tellingly, Dr. Lindsey, plaintiff's treating physician and medical expert, when asked, testified that he did not consider fibromyalgia to be a serious health condition.

The Court, therefore, finds the summary judgment evidence in this case to be undisputed that fibromyalgia is not a serious health condition as that term is defined in the FMLA.[13] Although her fibromyalgia may, and apparently does, require that plaintiff be periodically examined by her doctor, such periodic examination does not

---

8. See *Bocalbos v. National Western Life Ins. Co.*, 162 F.3d 379 (5th Cir.1998).

9. 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

10. *Bocalbos, supra* note 8; *Oswalt v. Sara Lee Corp.*, 889 F.Supp. 253 (N.D.Miss.1995).

11. 29 U.S.C. § 2612(a)(1)(D).

12. 29 U.S.C. § 2611(11).

13. Although plaintiff has cited the Court to other cases which have held to the contrary, this Court can only rule on the basis of the summary judgment evidence in the record of this litigation.

equate to the treatment contemplated by 29 U.S.C. § 2611(11).[14]

■ With regard to the question whether fibromyalgia rendered plaintiff unable to perform the functions of her position, the summary judgment evidence indicates that plaintiff was diagnosed with fibromyalgia in December 1997, by Dr. Lindsey. However, Dr. Lindsey was not of the opinion that plaintiff's condition would prevent her from doing her job. In fact, after rendering his diagnosis and proposing a course of treatment, Dr. Lindsey released plaintiff to return to work with no restrictions on her activities. Dr. Lindsey's conclusions with regard to the effect of fibromyalgia on plaintiff's ability to work were concurred in by Dow's medical expert, Dr. Merlin Wilson. Both doctors agreed that fibromyalgia does not render a person unable to work and, in fact, that work and other physical activity would actually benefit a person with such a condition.[15]

The Court, therefore, also finds the evidence to be undisputed that plaintiff's condition of fibromyalgia did not render her unable to perform the functions of her job. Thus, plaintiff has not proven either one of the two elements necessary to establish her eligibility under the FMLA, i.e., that her fibromyalgia is a serious health condition *and* that it rendered her unable to perform the functions of her position.

■ Even if plaintiff could establish her eligibility under the FMLA, in order to establish a prima facie case of FMLA discrimination, she must also prove that the adverse employment decision which she suffered was made because of her request for FMLA leave.

Under the FMLA, an employee must give the employer sufficient information to reasonably apprize it of the employee's request to take time off for a serious health condition.[16] In this case, Dow contends that plaintiff failed to comply with this requirement.

Plaintiff's physician released her to return to work with no restrictions by a certificate which he signed on December 22, 1997. In a letter dated December 29, 1997, he notified Dow of her fibromyalgia, stating that "... [s]he is on medication to try and help her improve. At times she will have flare-ups that make her very fatigued and may indeed cause her to miss work ..." This statement, at best, alerted Dow to the *possibility* that plaintiff would, on occasion, be unable to work because of her condition. Plaintiff was still required to provide reasonable notice to her employer when those occasions arose.

Dow alleges, and the summary judgment evidence indicates, that, during the last five months of her employment, plaintiff missed nearly half of her scheduled work time. However plaintiff never notified Dow that any of these absences were due to her fibromyalgia. Instead, plaintiff attributed her absences to the flu, various infections, her daughter's illness, school parties for her daughter, the birth of a niece and other unspecified illness. Thus, the Court finds that the summary judgment evidence herein does not establish that the adverse employment decision which plaintiff suffered was made because of her request for FMLA leave. Dow is entitled to summary judgment in its favor on plaintiff's FMLA claim.

---

**14.** See 29 C.F.R. § 825.114.

**15.** Dr. Lindsey testified that the primary treatment for fibromyalgia is exercise.

**16.** *Manuel v. Westlake Polymers Corp.,* 66 F.3d 758 (5th Cir.1995); *Satterfield v. Wal–Mart Stores, Inc.,* 135 F.3d 973 (5th Cir.1998).

## II. AMERICANS WITH DISABILITIES ACT AND THE LOUISIANA EMPLOYMENT DISCRIMINATION LAW

■ Plaintiff alleges that Dow violated both the Americans With Disabilities Act (ADA) and the Louisiana Employment Discrimination Law by discriminating against her because of her fibromyalgia and refusing to accommodate her. Although this Court must be cautious in interpreting the provisions of state statutes, because the Louisiana Employment Discrimination statute is essentially patterned after the ADA, the result of this Court's analysis under either statute must, necessarily, be the same. The jurisprudence interpreting and applying the provisions of the ADA is well-settled. In order to make a prima facie case on a claim for an ADA violation, a plaintiff bears the burden of proving that: (1) he or she has a disability that is protected by the ADA, (2) he or she is a qualified individual for the job in question, and (3) an adverse employment decision was made because of the disability.[17] The term disability is defined by the ADA as a physical or mental impairment that substantially limits one or more of the major life activities of an individual.[18]

■ Dow contends that plaintiff has not established the first element in that she has failed to prove that she was substantially limited in any major life activity by her fibromyalgia. In support of this proposition, Dow cites plaintiff's deposition testimony that she is able to work full-time when she takes her medication; that there is nothing that she *cannot* do that other people do on a daily basis; and that she can function in all daily activities with her medication. Dow also cites the testimony of Drs. Lindsey and Wilson to the effect that fibromyalgia is not a disabling condition which would prevent a person from performing his or her daily activities.[19] None of Dow's assertions in this regard have been contradicted by plaintiff.

The Court thus finds the summary judgment evidence to be uncontradicted that the plaintiff is not disabled as a result of fibromyalgia. This conclusion, while amply supported by the above-cited testimony, is further reinforced by the recent pronouncement of the United States Supreme Court in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*.[20]

In that case, Williams claimed to be disabled from performing her automobile assembly line job by carpal tunnel syndrome and related impairments. She sued her former employer for failing to provide her with a reasonable accommodation as required by the ADA. The district court granted summary judgment in favor of the employer. That judgment was reversed by the appellate court which held that Williams was substantially limited in the major life activity of performing manual tasks at work.

In reversing the judgment of the appellate court, the Supreme Court held that the ADA's definition of "disability" contemplated impairments that substantially

17. *Hamilton v. Southwestern Bell Telephone Co.,* 136 F.3d 1047, 1050 (5th Cir.1998). *See also Talk v. Delta Airlines Inc.,* 165 F.3d 1021, 1024 (5th Cir.1999).

18. See 42 U.S.C. § 12102(2)(A).

19. Plaintiff's expert, Dr. Lindsey, testified that the primary effect that fibromyalgia would have on a person's daily activities would be that a person suffering from the condition would have more aches and pains and more fatigue than usual. He went on to state that over ninety percent of the time such a person should be capable of doing most everything.

20. 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

limit those activities that are of central importance to daily life. Thus, an ADA claimant cannot merely submit evidence of a medical diagnosis of an impairment in order to prove disability status. The Court held that the ADA requires such a claimant to offer evidence that the extent of the limitation caused by the impairment, in terms of their own experience, is substantial. The Court concluded that Congress intended that the existence of a disability be determined in a case-by-case manner with an individualized assessment of the effect of an impairment.

Applying the above principles to the facts of this case, it is clear that the fibromyalgia suffered by the plaintiff herein is an impairment. However it is equally clear that this impairment does not qualify as a disability under the ADA because there is no evidence that it has substantially limited any major life activity undertaken by the plaintiff. Accordingly, plaintiff has failed to carry her burden of proving that she suffers from a disability as that term is defined in the ADA and Dow is entitled to summary judgment in its favor on this claim.

■ However, even if one assumed that plaintiff's fibromyalgia qualifies as a disability protected by the ADA, in order to prevail on this claim plaintiff must also establish that she is a qualified individual for the job in question and that the adverse employment decision which she suffered was made because of her fibromyalgia. Plaintiff has also failed to meet this burden of proof.

An employee who cannot perform the essential functions of the position, with or without accommodation, is not a qualified individual under the ADA.[21] Moreover, the ADA does not require an employer to accommodate an employee who is not qualified for the job.[22] When regular attendance at work is an essential function of the position, an employee who cannot perform this function, with or without reasonable accommodation, is not qualified.[23]

The summary judgment evidence herein clearly indicates that plaintiff's position at Dow was one which required her regular attendance at work. Indeed, there is no evidence that plaintiff ever took work home from Dow or performed work from her home during her employment at Dow. To the contrary, the evidence indicates that, on more than one occasion, plaintiff was told by her superiors that her repeated absences from work had the detrimental effect of increasing the workload of her co-workers. Thus, the Court finds that plaintiff's inability to report to work on a regular basis rendered her unable to perform the essential functions of her position and, therefore, that she was not a qualified individual under the ADA.

## III. FAIR LABOR STANDARDS ACT

■ Plaintiff's claim that Dow violated the Fair Labor Standards Act stems from a dispute over whether plaintiff actually worked overtime hours for which she was not paid. The parties acknowledge that there are factual disputes over whether plaintiff is entitled to overtime, as well as the factual determination whether Dow's failure to pay the overtime, if it was due, was a willful violation of the FLSA, thereby entitling plaintiff to recover double overtime. The existence of these disputed questions of fact obviously precludes the

---

**21.** 42 U.S.C. § 12111(3)(A).

**22.** *Hypes v. First Commerce Corporation*, 3 F.Supp.2d 712 (E.D.La.1996); affirmed *Hypes v. First Commerce Corporation*, 134 F.3d 721 (5th Cir.1998).

**23.** See *Vande Zande v. State of Wisconsin Department of Administration*, 44 F.3d 538 (7th Cir.1995) (an employer is not required to allow disabled workers to work at home).

granting of summary judgment on this issue and, accordingly, Dow's motion for summary judgment on this question will be denied.

## CONCLUSION

For the above and foregoing reasons, the Court will enter judgment herein as follows:

(1) There will be judgment in favor of defendant. Dow Chemical Company, and against plaintiff, Connie F. Mincey, granting the Motion for Partial Summary Judgment as to plaintiff's claims under the Family Medical Leave Act, the Americans With Disabilities Act, and the Louisiana Employment Discrimination Law, and dismissing those claims at plaintiff's costs.

(2) There will be judgment in favor of plaintiff, Connie F. Mincey, and against defendant, Dow Chemical Company, denying defendant's Motion for Partial Summary Judgment as to plaintiff's claims under the Fair Labor Standards Act.